Marc R. Jacobs, Esq. (SBN 185924)
David M. Samuels, Esq. (SBN 155254)
Matthew E. Voss, Esq. (SBN 198728)
**MICHELMAN & ROBINSON, LLP**
15760 Ventura Blvd., 5th Floor
Encino, California 91436
Telephone: (818) 783-5530
Facsimile: (818) 783-5507

Attorneys for Defendant LA JOLLA BEACH & TENNIS CLUB

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT O'ROURKE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES, UNIVERSITY OF CALIFORNIA, COUNTY OF SAN DIEGO, ATC, Inc., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, STATE OF CALIFORNIA JERRY BROW, ERIC HOLDER, B. GEORGE SEIKALY, LORI BAYS, BONNIE BRETILLO, ERIC DYE, WILLIAM KELLOGG JR., LA JOLLA BEACH AND TENNIS CLUB, SAN DIEGO CHASE BANK, UNION BANK, COUNTY MARSHALL'S OFFICE, SAN DIEGO SUPERIOR COURT, SAN DIEGO POLICE DEPARTMENT, DOES I TO C (100),<br><br>Defendants. | CASE NO. 10-cv-00302-W-POR<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT LA JOLLA BEACH & TENNIS CLUB TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(4),(5) and (6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: May 10, 2010<br>TIME: NO ORAL ARGUMENT<br>COURTROOM 7<br><br>Judge: THOMAS WHELAN |

TO PLAINTIFF ALBERT O'ROURKE:

PLEASE TAKE NOTICE that on May 10, 2010, or as soon thereafter as the matter may be heard before Judge Thomas Whelan of the above-entitled Court, located at 940 Front Street, San Diego, California 92101-8900, Defendant La Jolla Beach & Tennis Club ("LJBTC") will

1

1  move the Court to dismiss Plaintiff Albert O'Rourke's ("Plaintiff") Complaint (the
2  "Complaint") as it relates to LJBTC, pursuant to *Federal Rules of Civil Procedure*, Rule
3  12(b)(4), (5) and (6), because the Complaint fails to state a claim against LJBTC upon which
4  relief can be granted. Alternatively, LJBTC moves the Court for an order directing Plaintiff to
5  furnish a more definite statement of the notions set forth in his Complaint because, as applied to
6  LJBTC, the Complaint is so vague and ambiguous that LJBTC cannot reasonably be required to
7  frame a response.
8      The Motion will be based upon this Notice of Motion and Motion, the Memorandum of
9  Points and Authorities filed herewith, the Declarations of David B. Holnagel and David M.
10  Samuels filed in support of the Motion, and the pleadings and papers filed herein.

12  **THERE WILL BE NO ORAL ARGUMENT**

14  Dated: March 29, 2010                    **MICHELMAN & ROBINSON, LLP**

17  By: /s/
    Marc R. Jacobs, Esq.
18  David M. Samuels, Esq.
    Matthew E. Voss, Esq.
19  Attorneys for Defendant LA JOLLA BEACH & TENNIS CLUB

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Albert O'Rourke ("Plaintiff") filed his rambling, incoherent and incomprehensible, hand-written Complaint (the "Complaint") seeking $1,000,000,000,000 (one trillion dollars) in damages against Defendant La Jolla Beach & Tennis Club ("LJBTC") and a multitude of other defendants on February 8, 2010. As the Complaint relates to LJBTC, Plaintiff purports to allege causes of action for: 1) Violation of Civil Rico, 18 U.S.C. §1962, etc., 2) Violation of 18 U.S.C. § 2340, 3) Declaratory Relief, 4) Injunctive Relief, 5) Violation of Federal Rules of Civil Procedure ("FRCP"), Rule 11 (California *Code of Civil Procedure* § 128.5) "bad faith", 6) Gross Negligence, 7) Intentional Infliction of Emotional Distress, 8) Civil Conspiracy, 9) Conversion and 10) Trespass. Because Plaintiff has improperly served LJBTC, and cannot state a claim against LJBTC upon which relief can be granted, the Court should dismiss the Complaint as it pertains to LJBTC.

I.  **FACTUAL BACKGROUND**

Based upon LJBTC's vague understanding of the allegations in the Complaint, it appears Plaintiff is alleging that starting in or about May or June 2009, and continuing until in or about late January 2010 and in or about early February 2010, the defendants in this lawsuit purportedly engaged in a "'pattern of racketeering' to threaten Plaintiff into giving them his home" in La Jolla, California. (Complaint, ¶ 4). Plaintiff further alleges that the defendants "have manipulated at least three San Diego Judicial Cases. . . ." (Complaint, ¶ 7). Plaintiff also alleges that defendants somehow have engaged in "corrupt and illegal acts to seize [his home]." (Complaint, ¶ 8). In essence, Plaintiff contends that the defendants' conduct centers on their purported intent to evict the Plaintiff from his home. (Complaint, ¶ 11).

Nowhere in the Complaint does Plaintiff at all reference LJBTC, let alone any specific, purported wrongdoing that it engaged in vis-à-vis Plaintiff. The Complaint is ripe for dismissal as it applies to LJBTC.

///

II.     **PLAINTIFF'S ATTEMPTED SERVICE OF SUMMONS ON LJBTC**

On February 8, 2010, the same day Plaintiff filed the Complaint, the clerk of the United States District Court for the Southern District of California signed a Summons in a Civil Action directed to LJBTC (the "Summons"). The Summons states that "[a]n answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint." On or about March 11, 2010, David B. Holnagel, Esq., an attorney in Encinitas, California, received a copy of the Summons directed to LJBTC, despite the fact that Holnagel is not the registered agent for service of process for LJBTC. (Declaration of David B. Holnagel, ¶ 2). Out of an abundance of caution, LJBTC has filed the instant motion at the earliest available opportunity after learning of Plaintiff's attempted service of the Summons upon LJBTC. (Declaration of David M. Samuels, ¶ 2).

III.    **LEGAL ARGUMENT**

   A.   **The Court Should Dismiss The Complaint As To LJBTC Pursuant To FRCP 12(b)(4) and (5) Because LJBTC Was Not Properly Served With A Valid Summons.**

"Service of process" refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action. See *Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 U.S. 694, 699. "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States* (1996) 517 U.S. 654, 671-672; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 350. A "summons" in a civil action is a document designed to provide notice to the defendant of: (a) the pendency of a lawsuit against him or her; (b) the limited period of time within which to respond; and (c) the consequences of failing to make a timely response. See FRCP 4(a). Due process requires a method of service likely to result in the defendant receiving actual notice: "The means employed must be such as one desirous of actually informing the

[defendant] might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 315; and see *Mennonite Board of Missions v. Adams* (1983) 462 U.S. 791, 799. A defendant may assert the defense of insufficiency of service of process either by motion or in the defendant's answer. FRCP 12(b)(4) and (5). FRCP 12(b)(4) permits a defendant to challenge the form of summons. Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff. Thus, a dismissal may be sought by the defendant for plaintiff's failure to comply with the FRCP.

FRCP 12(b)(4) and (5) warrant dismissal of the Complaint as against LJBTC. The form of the summons is incorrect because it improperly states that an answer thereto is due by LJBTC within 60 days after service of the summons (a defendant's answer is due within 20 days after service of the summons and complaint upon the defendant. FRCP 12(a)(1)(A)(i)). The method of service of the summons is also improper. There is no indication that any officer, director, employee or agent of LJBTC was served with the Complaint. David B. Holnagel, Esq. is also not the registered agent for service of process for LJBTC. Plaintiff's attempted service of the summons on LJBTC, through Mr. Holnagel, is legally insufficient to charge LJBTC with notice of this lawsuit.

Plaintiff's attempted service of the summons on LJBTC also was not done in a manner, and at a time, that would afford LJBTC a fair opportunity to answer the Complaint and present defenses and objections. Because the summons was not properly served on an officer, director or agent of LJBTC, or on its registered agent for service of process, the attempted service of the summons on Mr. Holnagel does not properly provide notice to LJBTC of the pendency of the lawsuit, the limited period of time within which to respond to the Complaint or the consequences of failing to make a timely response thereto. As such, the service of the Complaint upon LJBTC is not valid. On this basis alone, the Court should dismiss the Complaint against LJBTC pursuant to FRCP 12(b)(4) and (5). Alternatively, if the Court elects not to dismiss the action based upon the defects in the form, or method of service, of the summons, then LJBTC respectfully requests that the Court quash the service of the summons upon LJBTC.

B. **<u>The Court Should Dismiss The Complaint As To LJBTC Pursuant To FRCP 12(b)(6) Because The Complaint Fails To State A Claim Against LJBTC Upon Which Relief May Be Granted.</u>**

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Graehling v. Village of Lombard, Ill.* (7th Cir.1995) 58 F.3d 295, 297. A motion to dismiss for failure to state a claim is used to test the sufficiency of a claim for relief. *Hanna Financial, Inc. v. Hanna Bank* (C.D. Cal.2007) 500 F.Supp.2d 1228. Therefore, the applicable standard is stated in FRCP 8(a), which requires that the Complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. On a motion to dismiss for failure to state a claim on which relief can be granted, the issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. *Ballentine v. United States* (3d Cir.2007) 486 F.3d 806. A determination that a claim for relief is stated does not end the inquiry because in ruling on a 12(b)(6) motion, the Court must also determine whether relief can be granted on the claim. *Davis v. Passman* (1979) 442 U.S. 228. In anticipation of dismissing a case with prejudice for failure to comply with the rules of pleading, the Court must consider: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions. *Nasious v. Two Unknown* (10th Cir.2007) 492 F.3d 1158.

Even a "pro se complainant can plead himself (or herself) out of court by pleading facts that undermine the allegations set forth in . . . (the) complaint." *Henderson v. Sheahan* (7th Cir.1999) 196 F.3d 839, 846. Moreover, a district court is required to dismiss "at any time" *in forma pauperis* complaints if it determines the action: 1) is frivolous or malicious; 2) fails to state a claim on which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith* (9th Cir.2000) 203 F.3d 1122, 1127 (en banc); see *Mitchell v. Farcass* (11th Cir.1997) 112 F.3d 1483, 1486. The court need not accept as true factual allegations in *in forma pauperis* complaints. It may reject

"completely baseless" allegations, including those which the court finds "fanciful," "fantastic" or "delusional." *Denton v. Hernandez* (1992) 504 U.S. 25, 32.

The Court should dismiss the Complaint as against LJBTC based on FRCP 12(b)(6). Upon reading Plaintiff's rambling, incoherent Complaint, it is clear that it lacks a cognizable legal theory against LJBTC and fails to allege sufficient facts under a cognizable legal theory against LJBTC. The Complaint certainly does not contain a short and plain statement of any claim showing that Plaintiff is entitled to relief against LJBTC. Plaintiff has not provided LJBTC with any notice of what claims Plaintiff is alleging against it, let alone what evidence Plaintiff has to support any such ostensible claims. If the Court does not dismiss the Complaint as against LJBTC, then LJBTC will suffer prejudice by having to defend a lawsuit which does not allege that LJBTC, itself, has done anything wrong. Requiring LJBTC to respond to such a Complaint would significantly interfere with the judicial process because it would obviate the need for a plaintiff to allege any specific wrongdoing by a defendant in a complaint. The allegations in Plaintiff's Complaint, to the extent they can be understood, are fanciful, fantastic and delusional because they reference the September 11, 2001 terrorist attacks and seek one trillion dollars without any apparent basis or reason, especially as applied to LJBTC. As a matter of law, it is clear that no relief can be granted under any set of facts which can be proved against LJBTC. Therefore, the Court should dismiss the Complaint as to LJBTC based upon FRCP 12(b)(6).

C.  **If The Court Is Not Willing To Dismiss The Complaint As Against LJBTC, Then LJBTC Requests That The Court Order Plaintiff To Provide A More Definitive Statement.**

Alternatively, LJBTC moves this Court, pursuant to the provisions of FRCP 12(e), to order Plaintiff to furnish a more definite statement of the matters stated in the complaint. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e). A Rule 12(e) motion is proper only where the complaint is so

indefinite that the defendant cannot ascertain the nature of the claim being asserted. In such cases, defendant cannot reasonably be expected to frame a proper response. See *Famolare, Inc. v. Edison Bros. Stores, Inc.* (ED Cal.1981) 525 F.Supp. 940, 949; *Cellars v. Pacific Coast Packaging, Inc.* (ND Cal.1999) 189 FRD 575, 578. As demonstrated above, the Complaint is so vague and ambiguous that LJBTC cannot reasonably prepare a response thereto. The Complaint is so indefinite that LJBTC cannot ascertain the nature of any claims that Plaintiff is asserting against it. LJBTC cannot reasonably be expected to frame a proper response to the Complaint. Thus, if the Court decides not to dismiss the Complaint, then LJBTC requests that Plaintiff provide a more definite statement in the following respects vis-à-vis the allegations in the Complaint: 1) a description of what LJBTC did to warrant inclusion in this lawsuit; 2) a factual explanation as to how LJBTC participated in the "bad act" described in Plaintiff's Complaint; 3) a factual explanation of why LJBTC's actions constitute a factual basis for the claims Plaintiff makes; and 4) a statement of where and when those actions occurred and to whom or in front of whom those actions were done. Therefore, in the alternative to dismissing the Complaint, LJBTC respectfully requests that the Court enter an order under FRCP 12(e) for Plaintiff to provide a more definite statement.

## IV. CONCLUSION

For the foregoing reasons, LJBTC respectfully requests that the Court dismiss the Complaint as to LJBTC pursuant to FRCP 12(b)(4), (5) and (6) or, alternatively, orders Plaintiff to provide a more definite statement pursuant to FRCP 12(e).

Dated: March 29, 2010

MICHELMAN & ROBINSON, LLP

By: _____
Marc R. Jacobs, Esq.
David M. Samuels, Esq.
Matthew E. Voss, Esq.
Attorneys for Defendant LA JOLLA BEACH & TENNIS CLUB