1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ALBERT O'ROURKE,

Plaintiff,

v.

THE UNITED STATES OF AMERICA, et al.,

Defendants.

CASE NO: 10-CV-302 W (POR)

**ORDER:**

**1) GRANTING DEFENDANT KELLOGG'S MOTION TO DISMISS [DOC. NO. 5.]**

**2) GRANTING DEFENDANT LA JOLLA BEACH AND TENNIS CLUB'S MOTION TO DISMISS [DOC. NO. 6.]**

**3) DISMISSING ALL REMAINING DEFENDANTS WITHOUT PREJUDICE**

On February 8, 2010, Plaintiff Albert O'Rourke ("Plaintiff") filed this lawsuit against more than nineteen separate defendants, including: the United States of America, the Attorney General of the State of California, various private individuals, and various entities like the La Jolla Beach and Tennis Club ("LJBTC"). Defendants William Kellogg, Jr. ("Kellogg") and LJBTC have each filed a motion to dismiss. Plaintiff has opposed.

10cv302w

1    The Court decides the matter on the papers submitted and without oral argument
2    pursuant to Civil Local Rule 7.1(d)(1).  For the following reasons, the Court **GRANTS**
3    both motions to dismiss.  The Court also **DISMISSES** this lawsuit against all the
4    remaining defendants.

5

6    I.    BACKGROUND

7        On February 8, 2010, Plaintiff filed this lawsuit against more than nineteen
8    separate defendants.  It appears from the Complaint that Plaintiff was the owner and/or
9    resident of a home in La Jolla, California.  He is no longer in possession of that house
10   and has filed this lawsuit against various individuals and entities that he believes are
11   responsible for that loss.  Specifically, Plaintiff sets forth causes of action for (1)
12   Violation of Civil Rico 18 U.S.C. § 1962, (2) Violation of 18 U.S.C. § 2340 (torture),
13   (3) Declaratory Relief, (4) Injunctive Relief, (5) Violation of FRCP 11 (CCP 128.5)
14   "bad faith", (6) Gross Negligence, (7)Intentional Infliction of Emotional Distress, (8)
15   Civil Conspiracy, (9) Conversion, and (10)Trespass. (Doc. No. 1.)

16       On March 1, 2010, Defendant Kellogg filed a motion to dismiss.  On March 29,
17   2010, Defendant LJBTC filed a separate motion to dismiss.  Both motions were set to
18   be heard on May 10, 2010.  As such, any opposition to either motion was due April 26,
19   2010. See S.D. Cal. Civ. R. 7.1(e.2) On April 29, 2010, Plaintiff filed a consolidated
20   opposition, which the Court considered despite its untimeliness. (Doc. Nos. 10, 11.)

21

22   II.   LEGAL STANDARD

23       A.   **Motions to Dismiss Under Rule 12(b)(4) and 12(b)(5).**

24       Under the Federal Rules of Civil Procedure, the plaintiff is responsible for having
25   the summons and complaint served upon the defendants. Fed.R.Civ.P. 4(c).  However,
26   as a party to the lawsuit, the plaintiff may not personally effect service. Id.  A defendant
27   may assert the defense of insufficiency of service of process either by motion or in the
28

1   defendant's answer. Fed.R.Civ.P. 12(b)(4), 12(b)(5).  The court must dismiss a cause

2   of action for insufficient process or service of process. Id.

3

4          **B.     Motions to Dismiss Under Rule 12(b)(6).**

5          The court must dismiss a cause of action for failure to state a claim upon which

6   relief can be granted. Fed.R.Civ.P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6)

7   tests the complaint's sufficiency. See North Star Int'l. v. Arizona Corp. Comm'n., 720

8   F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if

9   doubtful in fact," are assumed to be true.  Id.  The court must assume the truth of all

10  factual allegations and must "construe them in the light most favorable to the

11  nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also

12  Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

13         As the Supreme Court recently explained, "[w]hile a complaint attacked by a

14  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

15  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

16  and conclusions, and a formulaic recitation of the elements of a cause of action will not

17  do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007).  Instead, the

18  allegations in the complaint "must be enough to raise a right to relief above the

19  speculative level." Id. at 1964–65.  A complaint may be dismissed as a matter of law

20  either for lack of a cognizable legal theory or for insufficient facts under a cognizable

21  theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

22

23  **III.   DISCUSSION**

24         As mentioned above, Defendants Kellogg and LJBTC have each filed a motion

25  to dismiss this lawsuit.  Additionally, the Court has reviewed the Complaint and has

26  found it be inadequate to maintain a cause of action against the remaining defendants.

27  //

28

**A.     Defendant Kellogg Is Dismissed Because He Was Not Properly Served.**

Kellogg has moved to dismiss the Complaint because he was not properly served. He contends that Plaintiff personally delivered the summons and Complaint to his wife, in violation of Rule 4. <u>See</u> Fed.R.Civ.P. 4(c)(2) In opposition, Plaintiff admits that he personally served the summons on Kellogg's wife. (Doc. No. 11 at 1:16–17.)

Accordingly, the Court finds that service upon Kellogg was insufficient and **GRANTS** Kellogg's motion to dismiss this lawsuit pursuant to Rule 12(b)(5).

**B.     Defendant LJBTC  Is Dismissed Because It Was Not Properly Served.**

LJBTC has moved to dismiss the Complaint because the form of the summons was incorrect and because they were not properly served.  In regards to actual service, LJBTC claims that Plaintiff personally served their summons upon Attorney David Holnagel.  Holnagel is Defendant Kellogg's attorney—not the attorney for LJBTC.  It should also be noted that Holnagel is not an officer, director, or employee of LJBTC. (Doc. No. 6 at 5.)  Nor is Holnagel the registered agent for service of process for LJBTC. (*Holnagel Decl.* ¶ 2.)  As such, the attempted service did not comport with Rule 4. <u>See</u> Fed.R.Civ.P. 4(h).

In opposition, Plaintiff admits that he attempted to serve LJBTC through Mr. Holnagel. (Doc. No. 11 at 1.)  He has not provided legal authority to substantiate this method of service.

Accordingly, the Court finds that service upon LJBTC was insufficient and **GRANTS** LJBTC's motion to dismiss this lawsuit pursuant to Rule 12(b)(5).

**C.     Review Of The Complaint.**

When a complaint is written by a <u>pro</u> <u>se</u> litigant, as here, pleading rules are relaxed and the complaint is held to a less stringent standard.  <u>Karim-Panahi v. Los Angeles Police Dep't.</u>, 839 F.2d 621, 623 (9th Cir. 1988); <u>Eldridge v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987).  It is equally settled, however, that "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to

state a claim." <u>Wong v. Bell</u>, 642 F.2d 359, 361 (9th Cir. 1981); <u>Sparling v. Hoffman Const. Co., Inc.</u>, 864 F.2d 635, 638 (9th Cir. 1988); <u>Barsella v. United States</u>, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (policy requiring courts to liberally construe <u>pro se</u> complaints "does not mandate that a court sustain every <u>pro se</u> complaint even if it is incoherent, rambling, and unreadable").

In addition, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule also requires that each claim be "simple, concise, and direct." Fed. R. Civ. P. 8(e)(2). These rules ensure that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. <u>Jones v. Community Redevelopment Agency of City of Los Angeles</u>, 733 F.2d 646, 649 (9th Cir. 1984). Where a complaint contains nothing more than conclusory allegations, unsupported by facts, it fails to comply with Rule 8. <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977).

The Complaint fails to state a claim upon which relief can be granted and also fails to provide adequate notice to Defendants under Rule 8. Plaintiff appears to be alleging that his father, Raymond O'Rourke, suffered a stroke as a result of witnessing the terrorist attacks on September 11, 2001 on television.[1] Mr. O'Rourke apparently died years later at a hospital in Coronado, California. After his passing, Plaintiff claims that defendants conspired to seize his father's La Jolla residence (now Plaintiff's residence), including the nuclear weapon materials and parts related to the United States Air Force's Predator drone which were contained inside. Plaintiff also claims he has been subject to "water torture tactics" by defendants. In his prayer for relief, Plaintiff seeks one trillion dollars in punitive damages, mostly because he believes that one trillion dollars is close to "911 million dollars." (relating back to the terrorist attacks on 9-11-2001.)

_____

[1] This is not the first time Plaintiff has made this allegation. (See Case No. 09-CV-1375 W, dismissed with prejudice on October 23, 2009 (Doc. No. 6), dismissal affirmed by the Ninth Circuit on May 20, 2010 (Doc. No. 12).)

10cv302w

Despite the length of the Complaint – 14 handwritten pages – Plaintiff does not sufficiently identify how any of the defendants conspired to seize his father's residence. Nor can the Court discern any coherent legal theory. For these reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly, the Court **DISMISSES** the lawsuit against all remaining defendants **WITHOUT PREJUDICE.** Should Plaintiff choose to amend his pleading, he must detail who did what to whom, when and where such conduct occurred, and how such conduct allegedly meets the elements of the various federal and state laws that have been invoked. Any failure to properly comply with the Court's instructions herein may result in the termination of this case with prejudice and without further leave to amend.

## IV.    CONCLUSION & ORDER

For the reasons stated above, the Court:

1. **GRANTS** Defendant Kellogg's motion to dismiss. (Doc. No. 5.)

2. **GRANTS** Defendant LJBTC's motion to dismiss. (Doc No. 6.)

3. **DISMISSES** this lawsuit against all remaining Defendants **WITHOUT PREJUDICE**. Should Plaintiff choose to file a First Amended Complaint, he must do so **on or before June 14, 2010.**

**IT IS SO ORDERED**.

DATED:  May 26, 2010

Hon. Thomas J. Whelan
United States District Judge

10cv302w